UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NATALIYA PINYUK, on *behalf of herself
and all other similarly situated consumers*,

                        Plaintiff,

           -against-

THE CBE GROUP, INC,

                        Defendant.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
17 CV 5753 (RRM) (CLP)

**POLLAK**, United States Magistrate Judge:

On October 2, 2017, plaintiff Nataliya Pinyuk ("plaintiff") commenced this action on behalf of herself and all other similarly situated consumers, against defendant, the CBE Group, Inc. ("CBE" or "defendant"), alleging that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). On October 10, 2018, plaintiff filed a motion to amend her Complaint to raise a new claim under the FDCPA.

For the reasons set forth below, the Court grants plaintiff's motion to amend.

FACTUAL BACKGROUND

Plaintiff alleges that she is a citizen of the State of New York and a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA. (Am. Compl.[1] ¶¶ 2, 3). Plaintiff alleges that defendant CBE is a "debt collector" as defined by Section 1692(a)(6) of the FDCPA, with its principal place of business located in Cedar Falls, Iowa. (Id. ¶¶ 4, 5, 6).

Plaintiff alleges that on August 11, 2017, defendant sent plaintiff a collection letter in an attempt to collect an alleged consumer debt from plaintiff. (Id. ¶¶ 9, 10). Plaintiff alleges that

---

[1] Citations to "Am. Compl." refer to plaintiff's proposed Amended Complaint, filed as Exhibit A to Plaintiff's Motion to Amend, filed October 10, 2018, ECF No. 27-2.

1

this letter was defendant's initial communication with the plaintiff. (Id. ¶ 11). Plaintiff alleges that even though the letter contained an explanation of plaintiff's validation rights, including the right to dispute the debt, the letter provided three addresses for defendant, without specifying which address to send any communications disputing the debt. (Id. ¶¶ 12, 13, 14). Plaintiff alleges that the "consumer was completely left in the dark as to which address to send his or her dispute to." (Id. ¶ 14). According to the proposed Amended Complaint, the letter is deceptive because it leaves the least sophisticated consumer confused as to her right to dispute the debt and provides no direction as to how to go about disputing the debt. (Id. ¶¶ 16, 17). Plaintiff alleges that this defect renders the validation notice deceptive in violation of Section 1692e and 1692 e(10), and ineffective in violation of Section 1692g of the FDCPA. (Id. ¶ 18).

The Amended Complaint also alleges that the letter stated that there were "Collection Fees: $225.33" owed in addition to the "Principal" balance of $1,251.87. (Id. ¶ 22). Plaintiff alleges that this "Collection Fee" represents an "unlawful 18% collection fee" anticipated by defendant as compensation for collecting the debt. (Id. ¶¶ 23, 24). Plaintiff alleges that she had been in the midst of a trial period with Verizon, the creditor, and had timely cancelled her account within two weeks of signing up, making the alleged debt and collection fee "fraudulent." (Id. ¶ 25). Plaintiff alleges that she cancelled her contract prior to incurring any cost at all, and that the collection fee of 18% represented a contingent fee agreed to by the defendant and the creditor, allowing the defendant to collect the fee only if the defendant was successful in recovering all or part of the principal account. (Id. ¶¶ 27, 28, 29).

The Amended Complaint alleges that plaintiff suffered injury in fact by being subjected to unfair and abusive practices of defendant and by being the target of misleading debt collection communications. (Id. ¶¶ 38, 39). Plaintiff alleges that defendant violated plaintiff's right to not

be the target of misleading debt collection communications, plaintiff's right to a truthful and fair debt collection process, and that defendant used "materially false, deceptive, misleading representations" designed to "cause the debtor to suffer a harmful disadvantage in response to defendant's collection efforts." (Id. ¶¶ 40, 41, 42, 43). According to the Amended Complaint, defendant's false representations misled plaintiff "in a manner that deprived her of her right to enjoy the benefits" of the FDCPA's provisions designed to truthfully apprise debtors of their rights and ensure that they make informed decisions so as to participate in the collection process. (Id. ¶ 44). The Amended Complaint additionally alleges that these deceptive communications violated the FDCPA in that they frustrated the consumer's ability to "intelligently choose his or her response." (Id. ¶ 45). Plaintiff alleges that she suffered damages, including "fear, stress, mental anguish, emotional stress and acute embarrassment." (Id. ¶ 46).

The Amended Complaint further contains class action allegations on behalf of two groups of persons in defendant's records who resided in the State of New York and who were sent a collection letter in substantially the same form as the one sent to plaintiff in August 2017. (Id. ¶ 60). The first class consists of people to whom the collection letter was sent seeking payment of a personal debt, but the letter was returned by the postal service as undelivered; plaintiff claims that the letter contained violations of Sections 1692e and e(10). (Id.) The second class consists of those individuals to whom the letter was sent and was not returned by the postal service; here, plaintiff asserts claims under Sections 1692e, 1692e(2)(A), 1692e(5), 1692(f) and 1692f(1). (Id. ¶ 61).

In moving to amend, it appears that the amendments are limited to adding allegations as to one additional claim – paragraphs 11 through 21 – concerning the multiple addresses included by defendant on the collection letter.

DISCUSSION

A. Motion to Amend - Standards

Rule 15 of the Federal Rules of Civil Procedure provides that when a party seeks to amend its pleading beyond the time period allowed for an amendment as a matter of course, that party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Thus, absent the opposing party's consent, the Rule requires a party seeking to amend its pleadings to obtain permission from the court before doing so. Id.

Rule 15 expresses a strong presumption in favor of allowing amendment, stating that "[t]he court should freely give leave when justice so requires." Id. Although the decision whether to grant a plaintiff's motion to file an amended pleading remains within the court's discretion, see Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995), an amendment should not be allowed where there has been bad faith or dilatory motives or where the amendment would be futile or would cause undue delay or undue prejudice to the opposing party. See Foman v. Davis, 371 U.S. 178, 182 (1962); McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200-01 (2d Cir. 2007) (holding that the Second Circuit has cautioned that an amendment should only be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party"); accord Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008); Zahra v. Town of Southold, 48 F.3d at 685; John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994); Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993); Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1198 (2d Cir. 1989). The party opposing amendment bears the burden of demonstrating good reason for denial. Speedfit, LLC v. Woodway USA, Inc., No. 13 CV 1276, 2015 WL 6143697, at *3 (E.D.N.Y. Oct. 19, 2015).

Rule 16 of the Federal Rules of Civil Procedure applies when a party seeks to amend a pleading after the deadline for amendment set by the district court. Rule 16(b) states that scheduling orders of the court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). In explaining the intersection between Rule 15 and Rule 16 when a party moves to amend a pleading after the deadline for amendment set by the court, the Second Circuit explained that "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." Parker v. Columbia Pictures Indus., 204 F. 3d 326, 340 (2d Cir. 2000).

In this case, defendant opposes the amendment on two grounds: 1) untimeliness and prejudice, and 2) futility. Each will be addressed in turn.

A. Delay and Prejudice

Defendant contends that plaintiff's motion to amend is untimely. Specifically, defendant notes that the action was initially filed on October 2, 2017 and was based solely on a claim that defendant violated the FDCPA by sending a letter that sought an improper collection fee. (Def.'s Mem.[2] at 2). When defendant requested a pre-motion conference seeking to dismiss the claim on the grounds that the contract permitted the collection fee, plaintiff submitted a letter dated March 29, 2018, indicating that she would proceed with the original claims, but that she wished to amend her Complaint to allege a claim under Section 623(a)(3) of the Fair Credit Reporting Act ("FCRA"). (Pl.'s 3/29/18 Ltr).[3] The Court then ordered plaintiff to file her motion to amend by April 20, 2018. (3/30/18 Order).[4]

---

[2] Citations to "Def.'s Mem." refer to defendant's Response in Opposition to Plaintiff's Motion to Amend, dated November 2, 2018, ECF No. 28.
[3] Citations to "Pl.'s 3/29/18 Ltr" refer to plaintiff's letter, dated March 29, 2018, ECF No. 19.
[4] Citations to "3/30/18 Order" refer to the Electronic Order of this Court, dated March 30, 2018.

When no motion to amend was forthcoming, the Court directed the plaintiff to submit a status report. (6/12/18 Order).[5] Instead of indicating a continued intention to file an amended complaint, plaintiff informed the Court that the parties had been engaged in settlement discussions. (Pl.'s 6/18/18 Ltr).[6] The Court then Ordered that a follow-up status report be filed by July 20, 2018. (6/19/18 Order).[7] In that subsequent status report, which was submitted three months after the deadline set by the Court for the motion to amend, plaintiff indicated that instead of seeking to add a FCRA claim, plaintiff was asserting a new claim under the FDCPA. (Pl.'s 7/20/18 Ltr).[8] The proposed Amended Complaint adds a new claim based on the legal theory that the inclusion of multiple addresses in the defendant's August 11, 2017 letter violated the FDCPA because the "letter does not direct the consumer as to which address is for disputes." (Am. Compl. ¶ 15). There is no FCRA claim included in the proposed Amended Complaint.

Defendant argues that because plaintiff's motion to amend was filed long after the deadline set by this Court, it is governed by Federal Rule of Civil Procedure 16. (Def.'s Mem. at 3). Under Rule 16, plaintiff is required to make a showing of "good cause" for missing the deadline to amend. (Id. (citing Holmes v. Grubman, 568 F.3d 329, 334-35 (2d Cir. 2009))). "[T]he movant must show that the deadline [could] not be reasonably met despite its diligence." Fahmy v. Duane Reade, Inc., No. 04 CV 1798, 2005 WL 2338711, at *3 (S.D.N.Y. Sept. 26, 2005) (quotations and citations omitted). Defendant argues that plaintiff cannot show that she has been diligent in pursuing these claims. (Def.'s Mem. at 3).

---

[5] Citations to "6/12/18 Order" refer to the Electronic Order of this Court, dated June 12, 2018.
[6] Citations to "Pl.'s 6/18/18 Ltr" refer to plaintiff's letter, dated June 18, 2018, ECF No. 20.
[7] Citations to "6/19/18 Order" refer to the Electronic Order of this Court, dated June 19, 2018.
[8] Citations to "Pl.'s 7/20/18 Ltr" refer to plaintiff's letter, dated July 20, 2018, ECF No. 23.

Plaintiff's counsel submits that his client is a "single mom, full-time student, and managing a dedicated work schedule." (Pl.'s Reply[9] at 3). Counsel claims that as a result, there was a delay in meeting with her in order to acquire the documents necessary to bring the FCRA claim; once that meeting occurred, it was determined that the FCRA claim should not go forward. (Id.) Plaintiff claims that it was "at this time" that counsel "discovered" that the cause of action now sought to be added had not been included in the original Complaint "due to law office oversight." (Id.) Plaintiff claims that she has not engaged in bad faith, or acted with dilatory motive. (Id.)

Plaintiff argues that in cases of an attorney's "excusable neglect," the Court has the authority to excuse a failure to comply with a filing deadline. (Id. at 4 (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship, 507 U.S. 380 (1993))). In determining whether conduct constitutes "excusable neglect," plaintiff notes that the question is "an equitable one," and the Court should consider "'the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" (Id. (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship, 507 U.S. at 395)). See also United States v. Hooper, 9 F.3d 257, 258 (2d Cir. 1993); Matter of Bulic, 997 F.2d 299, 302 (7th Cir. 1993).

When a plaintiff moves to amend beyond the deadline to amend set by the court, "the liberal pleading requirements in Rule 15(a) must be balanced 'with Rule 16(b)'s requirement that scheduling orders shall not be modified except upon a showing of good cause.'" Calabro v. Stone, No. 03 CV 4522, 2005 WL 327547, at *1-2 (E.D.N.Y. Jan. 27, 2005) (citing Parker v.

---

[9] Citations to "Pl.'s Reply" refer to Plaintiff's Reply Memorandum of Law in Support of Plaintiff's Motion to File Plaintiff's First Amended Class Action Complaint, filed on November 8, 2018, ECF No. 29.

Columbia Pictures Industries, 204 F. 3d at 339). The Second Circuit has held that "amendment of a pleading as a matter of course pursuant to Rule15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)." Kassner v. 2nd Avenue Delicatessen Inc., 496 F. 3d 229, 243 (2d Cir. 2007). When assessing whether to permit amendment of the pleadings after a deadline set by the court, the "primary consideration is whether the moving party can demonstrate diligence. It is not, however, the only consideration," as the district court, "in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleadings at this stage of the litigation will prejudice defendants." Id.

When a plaintiff moves to amend after considerable delay, delayed filing alone has been held to be insufficient to deny the motion to amend; instead, the court must consider the delay alongside the other relevant factors. See Parker v. Columbia Pictures Industries, 204 F. 3d at 340 (assessing whether there was "good cause" under Rule 16 to amend the pleadings after the deadline set by the district court); CAC Atlantic, LLC v. Hartford Fire Insurance Co., No. 16 CV 5454, 2017 WL 3149340, at *4 (S.D.N.Y. July 25, 2017) (granting a motion to amend because "although the Court . . . found that defendant . . . did not demonstrate the diligence ordinarily required by Rule 16(b), the Court concludes that good cause nevertheless exists because the desired amendment would result in no significant prejudice to plaintiff"); Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc., 304 F.R.D. 170, 175 (S.D.N.Y. 2014) (quoting Castro v. City of New York, No. 06 CV 2253, 2010 WL 889865, at *2 (E.D.N.Y. Mar. 6, 2010) (stating that "'[b]y requiring the district court to consider and balance factors other than a plaintiff's diligence, the [Second Circuit] left open the possibility that amendments could be permitted even where a plaintiff has not been diligent in seeking an amendment'").

Law office mistake is a factor that courts have considered in determining whether to excuse a late filing. See, e.g., Cruz v. T.D. Bank, N.A., No. 10 CV 8026, 2015 U.S. Dist. LEXIS 13789, at *9-10 (S.D.N.Y. Feb. 3, 2015) (granting leave to file amended complaint despite "law office failure" when the failure to file was "an honest oversight" due to the "press of other business"); see also Canfield v. Van Atta Buick/GMC Truck, 127 F.3d 248, 250 (2d Cir. 1997) (explaining that "although a late filing will ordinarily not be excused by negligence that possibility is by no means foreclosed").

Another factor considered by the Supreme Court in Pioneer and the Second Circuit in Kassner was the prejudice to the defendant resulting from the delay. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship, 507 U.S. at 395; Kassner v. 2nd Avenue Delicatessen Inc., 496 F. 3d at 244. The Court in Pioneer, in explaining that the determination is in essence one of equity, noted that courts should consider all of the surrounding circumstances, including "the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted within good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship, 507 U.S. at 395; see Security Ins. Co. v. Kevin Tucker & Assocs., 64 F.3d 1001 (6th Cir. 1995) (finding that district court had erred in denying amendment because there was no showing of prejudice to the defendant even though 16 months had passed to add a new claim of which plaintiff had been aware since the initial filing).

Defendant argues that, when considering plaintiff's motion to amend under the more stringent standard of Rule 16(b) requiring a showing of "good cause," plaintiff has failed to show good cause for the delay despite plaintiff's counsel's explanation that it was difficult to communicate with the plaintiff because of her situation as a single mother. (Def.'s Mem. at 3).

Defendant also argues that plaintiff's belief that the action would settle and the fact that the parties engaged in extensive settlement discussions over a four-month period does not excuse her failure to amend the Complaint in a timely fashion. (Id. at 4 (citing G.E. v. City of New York, No. 12 CV 5967, 2017 WL 4357340, at *10 (E.D.N.Y. Sept. 29, 2017))) (holding that the "fact that the parties devoted resources to settlement negotiations does not absolve G.E. of her obligation to diligently pursue the identity of a party she may want to sue. . .).[10] Defendant complains that plaintiff was clearly aware of the basis for the new claim when she filed her initial Complaint since both old and new claims are based on the same collection letter and plaintiff could have easily included this new "Carbone" claim[11] in her original Complaint. (Id.) Instead, defendant argues that plaintiff's amendment is based on "her recognition that the 'collection fees' claim was fatally defective." (Id.)

While defendant is correct that the plaintiff was directed to file her Amended Complaint by April of 2018 and that she did not make this motion until more than 5 months had passed, the plaintiff has provided an explanation for the delay which includes not only that the parties were engaged in settlement discussions, but also that it was difficult to confer with the client, which counsel was required to do before bringing the FCRA claim. The fact that counsel and the plaintiff made the decision not to pursue that claim based on the evidence or lack thereof does

---

[10] In G.E. v. New York, the court denied a motion to amend where plaintiff had failed to add a party who had been known to the plaintiff since the initial conference in the matter, which the court found unjustified due to an insufficient showing finding of good cause. 2017 WL 4357340, at *10-11. In that instance, the court found insufficient good cause to grant a motion to amend filed after the close of discovery and after the briefing of a motion for summary judgment where plaintiff offered only a "vague statement" about efforts spent in settlement negotiations and discovery disputes. Id. This Court finds that here, in contrast, the explanation made by plaintiff's counsel does constitute good cause, and that the fact that plaintiff may have been able to file this claim at the time of filing of the initial Complaint is an insufficient justification to deny the motion to amend, particularly in light of the fact that the case remains in the early stages of discovery. See, e.g., Contrera v. Langer, 314 F. Supp, 562, 575 (S.D.N.Y. Jun. 4, 2018) (granting a motion to amend and rejecting defendants' objection that the "delay was unjustified because plaintiffs had the knowledge of the claims they seek to add at the outset of [the] litigation.").

[11] As set forth more fully below, plaintiff's proposed amended claim is based on the decision in Carbone v. Caliber Home Loans, Inc., No. 15 CV 4919, 2016 WL 8711197 (E.D.N.Y. Sept. 30, 2016). See discussion infra at 12-13.

not support a finding that they were acting in bad faith. More importantly, defendant has failed to identify anywhere in its papers the nature of any prejudice that it has suffered as a result of the delay.

Accordingly, although the Court finds that plaintiff failed to comply with the deadline set by the Court for amending the Complaint, the Court has assessed plaintiff's motion under the good cause standard of Rule 16(b) and taken into consideration the absence of prejudice to the defendant and the general proposition that amendments should be freely allowed, and will not deny the motion to amend due to lack of diligence or untimeliness.

B. Futility

Defendant also argues that the motion to amend should be denied as futile.

An amendment is futile if the proposed pleading would fail to state a claim upon which relief could be granted and thus could not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 459 (S.D.N.Y. 2012) (citing Dougherty v. North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)). Thus, an amendment is futile if the proposed pleading does not contain sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The proposed amendment must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555). In determining whether the proposed amended pleading states a plausible claim and therefore would not be futile, this Court must accept as true all well-pleaded factual allegations and must draw all reasonable inferences in favor of the party seeking leave to amend. See DiFolco v.

11

MSNBC Cable, LLC, 622 F.3d 104, 110-11 (2d Cir. 2010); accord 5B Charles A. Wright *et al.*, Federal Practice and Procedure § 1357 (3d ed. 2004).

Plaintiff claims that she seeks to amend her Complaint to ensure that her pleading comports with the Supreme Court's pleading standards in Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016), with respect to the need to plead injury-in-fact in order to establish standing. (Pl.'s Mot.).[12] Spokeo concerned the need for a plaintiff to demonstrate an injury in fact that was both "concrete" and "particularized" and required that a plaintiff alleging violations of the FCRA plead more than "a bare procedural violation" in order to meet both requirements. See 136 S. Ct. at 1550. The Court noted that "not all inaccuracies cause harm or present any material risk of harm," and remanded the case for determination of whether "the particular procedural violations alleged . . . entail a degree of risk sufficient to meet the concreteness requirement." Id.

Plaintiff's initial Complaint alleged violations of the FDCPA based on an allegedly improper collection fee sought in defendant's August 11, 2017 letter to plaintiff. Plaintiff now seeks to add a new claim that because the August 11, 2017 collection letter she received contained more than one address, it could cause confusion to the least sophisticated consumer. (Pl.'s Reply at 6). The Court therefore finds that the amendment does not seek to add additional information to the pleadings to establish injury in fact following Spokeo, but rather seeks to add a new claim based on the letter. The Court therefore proceeds to consider whether the new claim is futile.

In Carbone v. Caliber Home Loans, the defendant, an entity that acquires and services delinquent or defaulted mortgages, sent a debt collection letter to the plaintiff which indicated

---

[12] The Court assumes that the mention of the injury in fact requirement of Spokeo was added at a time when plaintiff was considering adding FCRA claims to the case; other than raising the injury in fact issue in her motion, plaintiff does not discuss the issue in any depth.

the body of the letter that if the plaintiff wished to dispute the debt, he should contact the defendant "in writing to above referenced address." 2016 WL 8711197, at *1. The above referenced address was listed at the top of the letter and appeared to be a P.O. Box in Texas. Id. At the end of the letter, the recipient was directed to send any written requests to an address in Oklahoma. Id. The plaintiff in Carbone argued that the letter violated Sections 1692e(2) and (10) of the FDCPA because the two different addresses were materially misleading and could confuse the least sophisticated consumer who was trying to determine where to send any written requests or disputes in writing. Id. at *3. The court upheld as a plausible claim plaintiff's allegation that a letter containing more than one address can cause confusion. Id. at *4.

Defendant, however, argues that in the instant case, the letter did not direct plaintiff to send her written request to any specific address, and indeed, she could have mailed the letter to any of the addresses in the letter and they would have been received by the defendant. (Def.'s Mem. at 5). This argument does not resolve the question of whether the least sophisticated consumer could have been misled by these multiple addresses. The letter contained three separate addresses: one in Cedar Falls, Iowa; a P.O. Box in Waterloo, Iowa; and a second, different P.O. Box in Waterloo, Iowa. In this case, plaintiff alleges that because she was confused as to which of these locations was the proper location to which she should mail the letter, she did not mail the letter at all. (Pl.'s Reply at 7). Plaintiff argues that when a least sophisticated consumer receives a collection letter which she does not understand and the letter contains multiple addresses without clear direction as to where to mail a written request, the consumer would end up, as here, not disputing the letter at all because she "is frightened of calling a collection agency where highly trained aggressive debt collectors answer calls." (Id.)

Having considered the parties' respective arguments, the Court finds that plaintiff has alleged the elements of a plausible claim under the FDCPA. The letter on its face contains three different addresses and it is unclear which one the defendant is urging the consumer to contact. Despite defendant's claim that all three addresses would have accepted requests for information, the letter itself does not say that and, therefore, it is possible, as plaintiff alleges, that the least sophisticated consumer could be confused and decide not to send a request to any of the addresses. Under the analysis set forth in <u>Carbone</u>, the Court finds that plaintiff's claim is plausible and not futile and therefore grants plaintiff's motion to amend.

The Clerk is directed to send copies of this Memorandum and Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated: Brooklyn, New York
April 29, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York