UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
NATALIE PINYUK, on behalf of herself and :
other similarly situated plaintiffs, :
:
:
Plaintiff, :
: **MEMORANDUM DECISION AND**
- against - : **ORDER**
:
: 17-cv-5753 (BMC)
:
THE CBE GROUP, INC., :
:
Defendant. :
:
---------------------------------------------------------- X

**COGAN,** District Judge.

The issue in this action under the Fair Debt Collection Practices Act arises from the fact that the subject collection letter showed three different addresses belonging to the defendant debt collection company. Plaintiff contends that the least sophisticated consumer would be confused about where to send a written dispute, and thus the collection letter is deceptive and misleading. I hold that when these addresses are read in context of the entire letter, even the least sophisticated consumer would understand where to send a dispute letter. I therefore grant defendant's motion for summary judgment and deny plaintiff's motion for summary judgment.

## BACKGROUND

The collection letter upon which plaintiff brings this lawsuit, together with the payment coupon with which to send a payment, appeared as follows:



Plaintiff's complaint is that there are three addresses for the collection company, defendant CBE Group, Inc., which appear in four places: (1) "1309 Technology Pkwy, Cedar Falls, IA," in the top left corner of the letter; (2) PO Box 2635, Waterloo, IA, immediately following the dispute notice and at the top left of the payment coupon; and (3) defendant's "Payment Processing Center, PO Box 2038, Waterloo, IA," appearing in the bottom right of the payment coupon. According to plaintiff, the letter is deceptive because the "consumer was

2

completely left in the dark as to which address to send his or her dispute to." Plaintiff alleges that this defect renders the letter deceptive in violation of Sections 1692e and 1692e(10), and ineffective in violation of Section 1692g of the FDCPA.

This claim was not in plaintiff's original complaint. She moved to amend the complaint to add the claim before the Magistrate Judge and the Magistrate Judge granted leave to amend over defendant's objection. In so ruling, the Magistrate Judge rejected defendant's argument that the proposed amendment was futile because it failed to state a claim, holding instead that "plaintiff has alleged the elements of a plausible claim under the FDCPA."

## DISCUSSION

Summary judgment is available if "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law.'" Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 104 (2d Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). No genuine issue of material fact exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50, (internal citations omitted).

Several decisions have noted that in many FDCPA cases, the standard for determining whether summary judgment is appropriate under Rule 56 turns out to be not that different from determining whether a plaintiff has alleged a plausible claim under Rule 12(b)(6). That is often the case when a plaintiff's claim is based entirely on the language of the collection letter at issue. As one of my colleagues has noted:

3

> While the standard of review on a motion for summary judgment is clearly different from the standard of review on a motion to dismiss or motion for judgment on the pleadings, where a court is examining a collection letter for compliance with Section 1692g(a)(2) and the terms of the letter are not in dispute, the question presented to the court is a question of law. The Court's decision on such a question is guided by application of the objective least sophisticated consumer standard. Application of this standard is not fact specific beyond the content of the collection letter and will generally yield the same legal determination, regardless of the nature of the motion under consideration.

Datiz v. Int'l Recovery Assocs., Inc., No. 15-cv-3549, 2018 WL 3751920, at *14 (E.D.N.Y. July 27, 2018), report and recommendation adopted, 2018 WL 4561461 (E.D.N.Y. Sept. 24, 2018), order amended on reconsideration, 2019 WL 1900472 (E.D.N.Y. Apr. 29, 2019). Cf. Rosenberg v. Frontline Asset Strategies, LLC, ___ F. Supp. 3d ___, 21-cv-0175 and 21-cv-0779, 2021 WL 3617672 (E.D.N.Y. Aug. 16, 2021) (two consolidated cases presenting identical collection letter language, one dismissing claim based under Rule 12(b)(6) and one under Rule 56).

The frequent overlap of the standards for Rule 12(b)(6) and Rule 56 motions in FDCPA cases is important here because plaintiff's first argument is that the issue raised by defendant's motion has already been decided in this case. Plaintiff relies on the Magistrate Judge's conclusion, in permitting her to amend the complaint, finding that she has alleged a "plausible" claim. Although the holding of the Magistrate Judge occurred in the context of a motion to amend, the standard for denying amendment on the ground of futility is essentially the same as that for failure to state a claim under Rule 12(b)(6). See Paleja v. KP NY Operations LLC, No. 20-cv-475, 2021 WL 148948, at *2 (S.D.N.Y. Jan. 15, 2021); Hampton Bays Connections, Inc. v. Duffy, 212 F.R.D. 119, 123 (E.D.N.Y. 2003). Since her claim has been found plausible, plaintiff argues, it cannot fail as a matter of law on summary judgment based solely on the language of the collection letter, as to do so would violate the doctrine of law of the case.

4

Plaintiff's argument has some attraction because of the functional similarity between the futility and failure to state a claim, on the one hand, and the standards under Rule 12(b)(6) and Rule 56 in some FDCPA cases as described above. Like other preclusion doctrines, the purpose of the law of the case doctrine is to prevent courts from having to make the same decision twice. See generally Rezzonico v. H & R Block, Inc., 182 F.3d 144, 148 (2d Cir. 1999); Chan Ah Wah v. HSBC N. Am. Holdings Inc., No. 15-cv-8974, 2019 WL 859042, at *4 (S.D.N.Y. Feb. 22, 2019) (the law of the case doctrine is "driven by considerations" that include "judicial economy"); Weitzman v. Stein, 908 F. Supp. 187, 193 (S.D.N.Y. 1995) (the "law-of-the-case doctrine promotes judicial economy by permitting a court to refuse to revisit an issue that the court already has decided"). If indeed the Magistrate Judge has already determined this issue, the fact that it had been decided would deter, although not prevent, its reexamination. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

However, I cannot find that law of the case should be so strictly applied here. It is a discretionary doctrine, and its application within a case depends, in part, on the context in which the court made its first ruling. See Virgin Atl. Airways, 956 F.2d at 1255 ("The law of the case doctrine is admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment."). The fact that we have overlapping standards does not mean that the standards are identical. This is particularly important because, as the Magistrate Judge expressly noted, a Rule 15(a) determination must consider the liberal policy in favor of allowing amendment. See Grace v. Rosenstock, 228 F.3d 40 (2d Cir. 2000). Although summary judgment also requires inferences to be drawn in favor of the opponent, that is different than merely allowing a claim to proceed under Rule 15(a).

5

The Magistrate Judge did not hold that plaintiff's claim was immune from summary judgment. Indeed, the fact that both sides in this case have moved for summary judgment shows that plaintiff as well as defendant believes that this case can be resolved principally on the language of the letter. Thus, as a practical matter, I interpret the Magistrate Judge's decision as holding that plaintiff was asserting a colorable or non-frivolous argument that the collection letter violated the FDCPA. I therefore will consider the parties' motions *de novo*.[1]

Having done so, I conclude that no reasonable juror could find that this collection letter is misleading.[2] The hypothetical least sophisticated consumer looking for how to raise a written dispute would read the letter in the following progression:

- First, she would observe from the upper left-hand corner that defendant's office address is 1309 Technology Parkway, Cedar Falls, IA;

- Second, she would encounter the written dispute resolution notice, which states:

---

[1] The cases cited by defendant in opposing application of law of the case are not helpful. Those all involve situations where the record on summary judgment was different than the record on the motion to dismiss. See Genova v. City of Glen Cove, No. 13-cv-4088, 2017 WL 9538902 (E.D.N.Y. May 15, 2017), report and recommendation adopted, No. 13-cv-04088, 2018 WL 3014814 (E.D.N.Y. June 15, 2018); Mandavia v. Columbia Univ., 556 F. App'x 56 (2d Cir. 2014); Maraschiello v. City of Buffalo Police Dep't, 709 F.3d 87 (2d Cir. 2013). Since I am basing this decision solely on the language of the collection letter, the additional evidence that the parties have submitted is immaterial.

In addition, defendant argues that law of the case should not apply because there have been decisions in this district subsequent to the Magistrate Judge's allowance of the amendment that have granted Rule 12(b)(6) or summary judgment motions involving very similar collection letters. None of those decisions, however, are controlling authority. Both sides place too much emphasis on the influence of district court decisions in applying the FDCPA to cases like this.

[2] The law of the case doctrine allows departure from a prior decision if a court is convinced that it was incorrect. See Virgin Atl. Airways, 956 F.2d at 1255. Although I will not revisit the Magistrate Judge's decision, it seems likely that had defendant appealed that decision, I would have found the amendment to be futile for the reasons set forth below.

6

> Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days after receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.
>
> The CBE Group, Inc. mailing address Po Box 2635, Waterloo, IA 50704-2635

- Third, she would come to the payment coupon, which again lists the dispute resolution address as the return address, and then the address to which she could mail the payment coupon, "Payment Processing Center, PO Box 2038, Waterloo, IA."

In determining whether this letter would confuse the least sophisticated consumer, I must be cognizant that the least sophisticated consumer "is neither irrational nor a dolt." Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010). Based on this letter, I cannot see why anyone would think there is any other place to send a dispute notice other than to PO Box 2635. It follows immediately in the instruction on how to raise a written dispute. It has no other purpose in the letter except the implementation of that instruction.

The address for the "Payment Processing Center" is obviously out of the running, as plaintiff, by definition, wants to dispute the account, not make a payment to process. The 1309 Technology Parkway address is physically removed from the payment dispute notice, so I see no reason why a consumer would think that could be the right address to send a dispute letter. And the payment dispute address itself, as noted above, could not be more closely tied to the dispute notice than it is. I therefore find that the letter was not misleading or even ambiguous.

Both sides rely on immaterial extrinsic evidence to buttress their argument of ambiguity or non-ambiguity. Defendants submit an affidavit from a manager as to their business practices, averring that whichever address plaintiff sent her dispute letter to, it would find its way to their

7

dispute department.  This argument fails because if the least sophisticated consumer would be paralyzed into inaction, as plaintiff contends, then no letter would ever reach defendants.

Plaintiff asserts that she was in fact paralyzed into inactivity (other than calling her lawyer) because she was confused.  But the test is objective.  Although the fact that plaintiff may be one out of thousands of consumers who received this letter and was confused may be worth considering, it is not determinative of the effect of the letter on the hypothetical least sophisticated consumer.  See Easterling v. Collecto, Inc., 692 F.3d 229, 233 (2d Cir. 2012) ("the least sophisticated consumer test pays no attention to the circumstances of the particular debtor in question"); Garcia v. Law Offices of Howard Lee Schiff, P.C., 401 F. Supp. 3d 241, 251 n. 1 (D. Conn. 2019) ("Mr. Garcia's interpretation of the letter is immaterial because he cannot stand in for the least sophisticated consumer."); Vu v. Diversified Collection Services, Inc., 293 F.R.D. 343, 359 (E.D.N.Y. 2013) (the least sophisticated consumer standard "does not take into account the level of comprehension or reaction to the communication of the debtor before the court.").

Both sides have over-parsed district court decisions searching for authority to support their positions.  The collection letters in these cases were all different and each letter must be analyzed in its entirety, so none of these decisions are squarely on point.  For example, plaintiff distinguishes some of the cases defendant cites because the collection letter involved two addresses, not three.  But notably, even in the two-address cases, the dispute resolution address was not proximate to the dispute resolution notice, or else one of the addresses was not labeled as a "Payment Processing Center" or department (or both).  See e.g. Schmelczer v. Penn Credit Corp., No. 20-cv-2380, 2021 WL 325982 (S.D.N.Y. Feb. 1, 2021); Musarra v. Balanced Healthcare Receivables, LLC, No. 19-cv-5814, 2019 WL 1166449 (E.D.N.Y. March 11, 2020).  The former omission could render a multiple-address collection confusing, while the labeling of

8

one of the addresses as pertaining only to payments would compel disqualification of that address as a dispute resolution address.  Both of those clarifying presentations are included here and ineluctably focus the consumer's attention on where to send her dispute.  It thus suffices to note that my decision in this case is generally consistent with the letters bearing the closest resemblance to the letter at issue here.  See Cantave v. CBE Grp. Inc., No. 19-cv-5796, 2021 WL 950410 (E.D.N.Y. Mar. 12, 2021).[3]

Accordingly, I hold that the collection letter is not misleading or deceptive within the meaning of the FDCPA.

## CONCLUSION

Plaintiff's motion for summary judgment is denied, and defendant's motion for summary judgment is granted.

**SO ORDERED.**

Digitally signed by
Brian M. Cogan
_____
U.S.D.J.

Dated:  Brooklyn, New York
        September 21, 2021

---

[3] I commend to my colleagues, as Judge Azrack did in Cantave, the practice of setting forth in the decision the actual image of the collection letter at issue.  A narrative description of the letter doesn't suffice because of the small differences between them, leaving subsequent courts with the need to visit the dockets of relevant cases to view the letters themselves.  But once a court does so, the decisions are remarkably consistent, and measuring subsequent letters against these authorities greatly facilitates the resolution of these cases.